IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to Hawkins v. Syngenta AG, *et al.* | |
| Case No. 3:21-pq-635 | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss this Paraquat MDL member action pursuant to Federal Rule of Civil Procedure 41(a)(2), filed by Plaintiff Diane Hawkins, individually and as Special Representative of the Estate of Steven Hawkins. (Doc. 13). Defendants do not oppose dismissal of the case, but they ask the Court to dismiss the case with prejudice and to award them the costs incurred in defending this action. (Doc. 14).

Plaintiff filed this case on June 18, 2021, on behalf of herself and her deceased husband. (Doc. 1). On November 23, 2021, Plaintiff filed a sworn Plaintiff Assessment Questionnaire, which lacked details on the location of Plaintiff's exposure to Paraquat and stated "unsure" for many responses. (Doc. 14-2). After the Court selected this case for limited discovery on August 17, 2022 (Doc. 2184), Plaintiff was required to complete a Plaintiff Fact Sheet (PFS) and to sit for a deposition. On the date the PFS was due, Plaintiff sought a 14-day extension of time; Special Master Randi S. Ellis granted Plaintiff an additional seven days. (Doc. 14-3). Plaintiff still failed to file the PFS by the extended deadline and, instead, advised Defendants of her intent to dismiss the case. (Doc. 14-5). When Defendants inquired why Plaintiff intended to dismiss the case (to determine whether they would stipulate to the dismissal),

Plaintiff declined to disclose such information. (Doc. 14-4). Plaintiff then filed the instant motion to dismiss. (Doc. 13).

Defendants argue that Plaintiff and her counsel had an obligation to investigate Plaintiff's information prior to filing suit and a duty to verify the claims made in connection with Plaintiff's sworn PAQ. In reliance on those representations, Defendants diligently investigated the case by sending 46 record requests to third parties and collecting approximately 5,000 pages of records. Defendants further aver that allowing the case to be dismissed without prejudice will only encourage gamesmanship and allow Plaintiff to refile her case in state court while avoiding the discovery ordered by this Court. Thus, they argue, the case should be dismissed with prejudice, and they should be awarded costs.

Rule 41(a)(2) allows a court to grant dismissal "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). District courts have discretion to dismiss a case with prejudice, and a court "may impose such terms and conditions as it believes necessary to protect the other parties from prejudice . . . ." *Ratkovich v. Smith Kline*, 951 F.2d 155, 157–58 (7th Cir. 1991). These "terms and conditions are the *quid pro quo* of allowing the plaintiff to dismiss his suit." *Id.* at 158 (quotation and citation omitted).

District courts may consider several factors in determining whether a defendant has suffered prejudice, including the defendant's effort and money spent preparing for trial, plaintiff's excessive delay and lack of diligence, plaintiff's insufficient explanation for wanting to dismiss the case, and whether the defendant has filed a dispositive motion. *Id.* (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). These factors are a guide for the court in exercising its discretion, and all factors need not be present. *Kovalic v. DEC Intl, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988).

The Court agrees that dismissal with prejudice is warranted here. This case was filed 15 months ago, and only after the Court selected it for further case-specific discovery did Plaintiff seek to dismiss the case. As noted by Defendants, Plaintiff and her counsel had an obligation to investigate and verify her claims before filing suit. By failing to diligently prosecute the case, and perhaps realize sooner that dismissal was appropriate, Defendants needlessly incurred the costs associated with obtaining records from a large number of third parties. Furthermore, if this case were dismissed without prejudice, Plaintiff could simply refile her case in state court while evading the discovery requirements set by the undersigned.

For these reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss (Doc. 13), but the dismissal is **with prejudice**. The Court **RESERVES RULING** on Defendants' request for costs. The Court will revisit the request for costs should this issue arise again.

The parties will be advised by separate order of the selection of an alternate case for limited discovery.

**IT IS SO ORDERED.**

**DATED:** September 14, 2022

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**